UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
LISA GINDI,

        Plaintiff,

- against -

MR. THOMAS BENNETT et al.,

        Defendants.
----------------------------------------------------------X

**MEMORANDUM AND ORDER**
15-CV-6475 (RRM)

ROSLYNN R. MAUSKOPF, United States District Judge.

Plaintiff Lisa Gindi, proceeding *pro se*, filed the instant complaint alleging violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* ("Title VII"), the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq.* ("the ADEA"), and the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.* ("ADA"). Along with her complaint, plaintiff files a request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. Plaintiff's request to proceed *in forma pauperis* is GRANTED solely for the purpose of the instant order. For the reasons stated below, plaintiff is GRANTED leave to file an amended complaint within thirty (30) days of the date of this Order, or the instant action shall be dismissed for failure to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B).

## BACKGROUND

Plaintiff is a former employee of the New York City Department of Education. (Compl. (Doc. No. 1) at 4.) As best as can be ascertained from the complaint, plaintiff was a tenured teacher from 1993 until sometime in 2013. (*Id.*) Plaintiff alleges that at some point during her employment she informed her boss that she needed to take five days off of work due to her contested divorce, that her boss hit her because she would not pass eighteen students who were failing her class, and that she was fired with no just cause in 2013. (*Id.*)

Plaintiff brings causes of action for failure to hire, termination of employment, failure to promote, failure to accommodate a disability, unequal terms and conditions of employment, and retaliation. (*Id.* at 3.) Plaintiff alleges defendants discriminated against her because she is a white, Jewish female, who is more than forty years of age. (*Id.*) Regarding her disability, plaintiff states that she has a lazy eye and suffers from stress due to her divorce. (*Id.*)

## STANDARD OF REVIEW

A district court shall dismiss an *in forma pauperis* action when it is satisfied that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). An action is "frivolous" when either: (1) "the factual contentions are clearly baseless, such as when allegations are the product of delusion or fantasy"; or (2) "the claim is based on an indisputably meritless legal theory." *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998) (internal quotation marks omitted).

It is axiomatic that *pro se* complaints are held to less stringent standards than pleadings drafted by attorneys. The Court is required to read the plaintiff's *pro se* complaint liberally and interpret it as raising the strongest arguments it suggests. *Erickson v. Pardus*, 551 U.S. 89 (2007); *Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Sealed Plaintiff v. Sealed Defendant #1*, 537 F.3d 185, 191–93 (2d Cir. 2008).

At the pleadings stage of the proceeding, the Court assumes the truth of "all well-pleaded, nonconclusory factual allegations" in the complaint. *Kiobel v. Royal Dutch Petroleum Co.*, 621 F.3d 111, 123 (2d Cir. 2010). A complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the

2

reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The plausibility standard does not impose an across-the-board, heightened fact pleading standard. *Boykin v. KeyCorp*, 521 F.3d 202, 213 (2d Cir. 2008). However, the plausibility standard does impose some burden to make factual allegations that support a claim for relief. As the *Iqbal* court explained, it "does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678.

## DISCUSSION

### I. The Administrative Claim

Generally, a claimant may bring suit in federal court under the ADEA, Title VII, and the ADA only after filing a timely complaint with the EEOC. *Floyd v. Lord & Taylor*, 96 F. App'x 792, 793 (2d Cir. 2004) (upholding dismissal of a complaint where plaintiff failed to submit any documentation showing that she had filed a complaint with the EEOC, a "prerequisite to bringing suit in federal court under Title VII, the ADEA, and the ADA"). To be deemed timely, the administrative claim must be filed with the EEOC or the state agency within 300 days of the alleged discriminatory conduct. 42 U.S.C. § 2000e-5(e); 29 U.S.C. § 626(d)(1); *Kassner v. 2d Ave. Delicatessen Inc.*, 496 F.3d 229, 237 (2d Cir. 2007). This is true even of *pro se* litigants. *Tanvir v. New York City Health & Hosps. Corp.*, 480 F. App'x 620, 621 (2d Cir. 2012).

However, the failure to file a timely complaint with the EEOC is not necessarily fatal. A plaintiff can overcome this deficiency by showing that she is entitled to equitable tolling. *See Fowlkes v. Ironworkers Local 40*, 790 F.3d 378, 385–86 (2d Cir. 2015) (holding that exhaustion of administrative remedies is a precondition to bringing a Title VII claim, rather than a jurisdictional requirement and is subject to waiver, equitable estoppel, and equitable tolling). To

3

warrant equitable tolling, a plaintiff must demonstrate that extraordinary circumstances beyond her control prevented her from filing her administrative claim. *Boos v. Runyon*, 201 F.3d 178, 185 (2d Cir. 2000).

Here, plaintiff's complaint fails to demonstrate that she has filed a charge with the EEOC concerning her allegations of discrimination based on Title VII, age, or disability. Plaintiff additionally fails to offer any basis for waiver, equitable estoppel, or equitable tolling.

## II. Sufficiency of the Pleading

Even if plaintiff's complaint was preceded by a timely-filed administrative complaint, it fails to allege facts sufficient to state a cause of action for employment discrimination under Title VII, the ADA, or the ADEA.

### a. Plaintiff's Title VII Claims

Title VII prohibits an employer from discriminating against any individual with respect to "compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex or national origin." 42 U.S.C. § 2000e-2(a)(1). To establish a prima facie case of discrimination, a plaintiff must show that: (1) she is a member of a protected class, (2) she was qualified for the position she held, and (3) she suffered an adverse employment action (4) under circumstances giving rise to an inference of discrimination. *Brown v. City of Syracuse*, 673 F.3d 141, 150 (2d Cir. 2012); *Sethi v. Narod*, 12 F. Supp. 3d 505, 522 (E.D.N.Y. 2014).

Here, the factual basis of plaintiff's Title VII complaint is unclear. Her complaint fails to allege sufficient facts to show that plaintiff suffered discrimination because of her race, color, religion, sex, or national origin. Thus, plaintiff has failed to state a claim under Title VII.

4

### b. Plaintiff's ADEA Claims

The ADEA establishes that it is "unlawful for an employer . . . to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions or privileges or employment, because of such individual's age." 29 U.S.C. § 623(a)(1). In order to establish a prima facie case of age discrimination in violation of the ADEA, plaintiff must show that: (1) she was within the protected age group (more than 40 years old); (2) she was qualified for her position; (3) she experienced adverse employment action; and (4) such action occurred under circumstances giving rise to an inference of discrimination. *Gorzynski v. Jet Blue Airways Corp.*, 596 F.3d 93, 107 (2d Cir. 2010) (citing *Carlton v. Mystic Transp. Inc.*, 202 F.3d 129, 134 (2d Cir. 2000)).

In support of her ADEA age discrimination claim, plaintiff alleges that she is a member of a protected age group, but does not plead any facts to support an inference that the defendant discriminated against her because of her age. At a minimum, an ADEA claimant must inform the Court and the defendant why she believes age discrimination existed. *See Dugan v. Martin Marietta Aerospace*, 760 F.2d 397, 399 (2d Cir. 1985) ("While a claim made under the ADEA need not contain every supporting detail, it must at least inform the court and the defendant generally of the reasons the plaintiff believes age discrimination has been practiced."); *Gallop-Laverpool v. 1199 SEIU United Healthcare Workers E.*, No. 14-CV-2879, 2014 WL 3897588, at *2 (E.D.N.Y. Aug. 8, 2014).

Plaintiff simply asserts, without further elaboration, that she is more than 40 years of age. This is insufficient to state a claim under the ADEA.

5

### c. Plaintiff's ADA Claims

To establish a prima facie case of discrimination under the ADA, a plaintiff must show that "(1) the defendant is covered by the ADA; (2) plaintiff suffers from or is regarded as suffering from a disability within the meaning of the ADA; (3) plaintiff was qualified to perform the essential functions of the job, with or without reasonable accommodation; and (4) plaintiff suffered an adverse employment action because of [her] disability or perceived disability." *Capobianco v. City of New York*, 422 F.3d 47, 56 (2d Cir. 2005); *Ugactz v. United Parcel Serv., Inc.*, No. 10-CV-1247, 2013 WL 1232355, at *7 (E.D.N.Y. Mar. 26, 2013).

Here, plaintiff asserts that the nature of her disability is a lazy eye and stress due to her divorce. Although plaintiff is not required to establish discrimination at the pleading stage, she must plausibly allege a claim upon which relief can be granted. *Vega v. Hempstead Union Free Sch. Dist.*, 801 F.3d 72, 86–87 (2d Cir. 2015). Even under the most liberal construction, the complaint provides no facts that could possibly connect any adverse employment action to a protected status. Thus, plaintiff has failed to state a claim under the ADA. *See Ruston v. Town Bd. of Skaneateles*, 610 F.3d 55, 59 (2d Cir. 2010) ("Under *Iqbal*, factual allegations must be sufficient to support necessary legal conclusions," and must "plausibly suggest an entitlement to relief.").

### III. Individual Liability

Finally, the Court notes that plaintiff names as defendants individuals who appear to be employed by the New York City Department of Education. Title VII, the ADA, and the ADEA do not permit the imposition of liability on individuals in their individual or representative capacities. *Raspardo v. Carlone*, 770 F.3d 97, 113 (2d Cir. 2014) (Title VII); *Guerra v. Jones*, 421 F. App'x 15, 17 (2d Cir. 2011) (ADEA); *Castro v. City of New York*, 24 F. Supp. 3d 250,

259 (E.D.N.Y. 2014) (ADA). Plaintiff has failed to name her former employer as a defendant in this action and she cannot recover from its other employees.

## CONCLUSION

In light of plaintiff's *pro se* status, the Court grants her thirty (30) days leave to file an amended complaint. Plaintiff is directed that if she elects to file an amended complaint she must name her former employer as a defendant. Should plaintiff have a basis for a claim of employment discrimination, she should provide facts in support of such claim and demonstrate that she has exhausted her administrative remedies by filing a claim with the EEOC. If plaintiff failed to file a claim with the EEOC or the New York State Division of Human Rights within the 300 day filing period she must detail any impediment that prevented her from timely filing.

Plaintiff is further directed that any amended complaint must comply with Rule 8(a) of the Federal Rules of Civil Procedure and it must "plead enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. The amended complaint must be captioned as an "Amended Complaint" and bear the same docket number as assigned to this Order.

No summons shall issue at this time and all further proceedings shall be stayed for 30 days or until further order of the Court. If plaintiff fails to amend her complaint within 30 days of the date that this order is entered on the docket, the Court shall dismiss the complaint for failure to state a claim on which relief may be granted and judgment shall enter. If submitted, the amended complaint will be reviewed for compliance with this order and for sufficiency under 28 U.S.C. § 1915(e)(2)(B).

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal.

SO ORDERED.

*Roslynn R. Mauskopf*

Dated: Brooklyn, New York
January 29, 2016

_____
ROSLYNN R. MAUSKOPF
United States District Judge