UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
LISA GINDI,

   Plaintiff,

 - against -

MR. THOMAS BENNETT, et al.,

   Defendants.
------------------------------------------------------------X

**MEMORANDUM AND ORDER**
15-CV-6475 (RRM) (MDG)

ROSLYNN R. MAUSKOPF, United States District Judge.

  Plaintiff Lisa Gindi, proceeding *pro se*, filed the instant complaint alleging violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* ("Title VII"), the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq.* ("the ADEA"), and the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.* ("the ADA"). By Order dated February 1, 2016, the Court granted Gindi leave to file an amended complaint. (Doc. No. 4.) On February 12, 2016, Gindi submitted an amended complaint which was reviewed for sufficiency under 28 U.S.C. § 1915(e)(2)(B). (Doc. No. 5.) For the reasons below, Gindi is granted leave to submit a second amended complaint within thirty (30) days of the date of this Order.

## DISCUSSION

  The Court presumes familiarity with the underlying facts of this case, as set forth in this Court's previous decision. In brief, Gindi's complaint was deemed insufficient because she failed to assert a factual basis for her Title VII, ADA, or ADEA claims. Moreover, she failed to

demonstrate that she had exhausted her administrative remedies by filing a claim with the EEOC.[1]

## I. The Amended Complaint

In its February 1, 2016 Order, the Court provided specific guidance regarding the filing of an amended complaint that Gindi failed to follow. Despite being informed that Title VII, the ADA, and the ADEA do not permit the imposition of individual liability, *Raspardo v. Carlone*, 770 F.3d 97, 113 (2d Cir. 2014) (Title VII); *Guerra v. Jones*, 421 F. App'x 15, 17 (2d Cir. 2011) (ADEA); *Castro v. City of New York*, 24 F. Supp. 3d 250, 259 (E.D.N.Y. 2014) (ADA), Gindi's amended complaint still names individuals who appear to be employed by the Department of Education.

Further, Gindi's amended complaint is quite voluminous, with twenty-six pages of pleadings and seventy-four pages of attachments. (*See* Am. Compl. (Doc. Nos. 5–5-10).) Yet, from a reading of the amended complaint, it is difficult, if not impossible, to discern the nature of the claims against each of the defendants. The amended complaint contains an abundance of extraneous information and fails to attribute factual allegations to particular defendants as required to state a claim. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–63 (2007) (explaining that a plaintiff must make sufficient allegations to give a defendant fair notice of the claim).

Pursuant to Rule 8 of the Federal Rules of Civil Procedure, a plaintiff must provide a short, plain statement of the claim against each defendant named so that they have adequate notice of the claims against them. *Ashcroft v. Iqbal*, 556 U.S. 668, 677–79 (2009). A pleading that only "tenders naked assertions devoid of further factual enhancement" will not suffice. *Id.*

---

[1] This deficit has been remedied. On February 5, 2016, the EEOC issued Gindi a Dismissal and Notice of Rights stating that the EEOC is unable to conclude that the information obtained established a violation of the statutes. (*See* Dismissal and Notice of Rights letter, annexed to Am. Compl.)

at 678 (internal citations and alterations omitted).  Gindi must provide facts sufficient to allow each defendant to have a fair understanding of what she is complaining of and whether there is a legal basis for recovery.  *See Twombly v. Bell*, 425 F.3d 99, 106 (2d Cir. 2005) (defining "fair notice" as "'that which will enable the adverse party to answer and prepare for trial, allow the application of res judicata, and identify the nature of the case so that it may be assigned the proper form of trial.'" (quoting *Simmons v. Abruzzo*, 49 F.3d 83, 86 (2d Cir. 1995))).

A court may dismiss a complaint that is "so confused, ambiguous, vague or otherwise unintelligible that its true substance, if any, is well disguised."  *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988).  Here, the Court cannot allow Gindi's amended complaint to go forward as both defendants and the court will be unable to meaningfully address the action.  *See Fisch v. Consulate Gen. of Republic of Pol.*, Nos. 11-CV-4182, 11-CV-4183, 2011 WL 3847398, at *2 (S.D.N.Y. Aug. 30, 2011) ("Neither this Court, nor any party, should have to wade through endless pages of narrative to discern the causes of action asserted and the relief sought.").

## II.    Leave to Amend

In deference to Gindi's *pro se* status, the Court grants her an opportunity to submit a second amended complaint.  Gindi is reminded that once an amended complaint is filed, it completely replaces the original.  Therefore, it is important that she include in the second amended complaint all the necessary information that was contained in her original and first amended complaint.  If available, Gindi should include the charge of discrimination that she filed with the EEOC.

Should Gindi elect to file a second amended complaint, she must name proper defendants. Moreover, her statement of facts must clearly and concisely allege facts in support of

3

her Title VII, ADA, and ADEA claims. The amended complaint must be captioned as a "Second Amended Complaint," and bear the same docket number as this Order.

## CONCLUSION

Accordingly, Gindi is granted one last opportunity to submit a second amended complaint. If Gindi fails to submit a second amended complaint within thirty (30) days or fails to properly plead her claims as directed by this Order, the Court shall enter judgment dismissing the action. No summons shall issue at this time and all further proceedings shall be stayed for thirty (30) days.

The Court certifies pursuant to 28 U.S.C. § 1915 (a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

The Clerk or Court is directed to mail a copy of this Memorandum and Order to the plaintiff *pro se* and note the mailing on the docket.

SO ORDERED.

Dated: Brooklyn, New York
      April 13, 2016

*Roslynn R. Mauskopf*
_____
ROSLYNN R. MAUSKOPF
United States District Judge