UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
LISA GINDI,

        Plaintiff,

- against -

THOMAS BENNETT, et al.,

        Defendants.
-----------------------------------------------------------X

**MEMORANDUM AND ORDER**
15-CV-6475 (RRM) (MDG)

ROSLYNN R. MAUSKOPF, United States District Judge.

Plaintiff *pro se* Lisa Gindi filed the instant complaint alleging violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* ("Title VII"), the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq.* ("ADEA"), and the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.* ("ADA"). By Order dated February 1, 2016, the Court granted Gindi's request to proceed *in forma pauperis*, pursuant to 28 U.S.C. § 1915, and granted her leave to file an amended complaint. (Doc. No. 4.) On February 12, 2016, Gindi submitted an amended complaint which was reviewed for sufficiency under 28 U.S.C. § 1915(e)(2)(B). (Doc. No. 5.) By Order dated April 13, 2016, the Court granted Gindi leave to submit a second amended complaint and provided specific guidance regarding the filing of the complaint. (Doc. No. 6.) On April 29, 2016, Gindi filed her second amended complaint. (Doc. No. 7.) For the reasons below, Gindi's second amended complaint is dismissed in part, leaving only her employment discrimination claims against the New York City Department of Education ("DOE") to proceed.

## BACKGROUND

The Court presumes familiarity with the underlying facts of this case, as set forth in this

Court's previous decisions. The second amended complaint, at sixty-nine pages including its attachments, names twenty-eight defendants.[1] The Court will attempt to summarize the claims that Gindi may be making, keeping in mind that great liberality must be shown to a *pro se* plaintiff. *See Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994) (stating that *pro se* papers are interpreted liberally to raise the strongest arguments suggested therein).

Rather than simply amending the complaint to clarify her claims of employment discrimination, Gindi has added a new claim. As best as can be discerned, Gindi alleges that defendants Judge Bernadette Bayne, Thomas Bennett, Hubert Guscott, Anne Garner, and John P. Guyette violated her rights in connection with a state court action. Gindi avers that she is facing "continual discrimination and abuses" in connection with an action that she instituted against the DOE and others, which is presently pending in Kings County Supreme Court. (*See* Second Am. Compl. at 1.)[2]

As to her original claims of employment discrimination, in its April 13, 2016 Order, the Court provided specific guidance regarding the filing of a second amended complaint that plaintiff failed to follow. In brief, Gindi's second amended complaint alleges that she was employed as a teacher for many years, and that her employment was terminated because she is an older, Jewish woman who suffers from a mental disability. Despite being informed that Title VII, the ADA, and the ADEA do not permit the imposition of individual liability, Gindi's second amended complaint names individuals who are employed by the DOE. Although unclear, Gindi appears to seek monetary compensation and injunctive relief.

---

[1] In addition to her second amended complaint, Gindi filed a post-it on May 27, 2016, adding that defendant Morrissey "also discriminated [against her] for being Jewish." (Suppl. Note (Doc. No. 9).)

[2] A search of the New York State Unified Court System indicates that plaintiff has a pending defamation and discrimination action based on her divorce against defendant Bennett and others in Kings County Supreme Court – *Gindi v. Bennett*, Index No. 002229/2015. *See* WEBCIVIL SUPREME, https://iapps.courts.state.ny.us/webcivil/FCASSearch (last visited May 18, 2016).

## STANDARD OF REVIEW

"A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Ahlers v. Rabinowitz*, 684 F.3d 53, 60 (2d Cir. 2012) (internal quotation marks omitted) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (*per curiam*)); *see also James v. Westchester Cnty.*, No. 13-CV-19-NSR, 2014 WL 4097635, at *2 (S.D.N.Y. Aug. 19, 2014) ("*Pro se* complaints are held to less stringent standards than those drafted by lawyers, even following *Twombly* and *Iqbal*." (internal quotation marks omitted)). Nevertheless, a *pro se* complaint must state a plausible claim for relief. *Nielsen v. Rabin*, 746 F.3d 58, 63 (2d Cir. 2014) (internal quotation marks omitted). Moreover, a *pro se* party is "not exempt . . . from compliance with relevant rules of procedural and substantive law." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 477 (2d Cir. 2006).

Rule 8 of the Federal Rules of Civil Procedure provides that a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). While Rule 8(a) "does not require detailed factual allegations, . . . it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citations omitted). A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also Iqbal*, 556 U.S. at 678 (holding that Rule 8 calls for "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face" (internal quotation marks omitted)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

# DISCUSSION

## I. New Claims Relating to Gindi's State Court Action

### a. Younger Abstention

Insofar as Gindi alleges that her federal constitutional rights are being violated in connection with her state court civil proceedings – for which she seeks injunctive relief – this Court lacks jurisdiction over her claims. In *Younger v. Harris*, 401 U.S. 37, 43–44 (1971), the Supreme Court held that federal courts should abstain from granting injunctive relief against a state criminal prosecution instituted in good faith "except under extraordinary circumstances, where the danger of irreparable loss is both great and immediate." *Id.* at 45. In *Sprint Commc'ns, Inc. v. Jacobs*, 134 S. Ct. 584, 591–92 (2013), the Supreme Court held that the *Younger* doctrine applies to three classes of state court proceedings: (1) "state criminal prosecutions"; (2) "civil enforcement proceedings"; and (3) civil proceedings that "implicate a State's interest in enforcing the orders and judgments of its courts." *Id.* at 588 (internal quotation marks omitted).

Here, abstention is appropriate under the *Sprint* framework and the *Younger* doctrine. No extraordinary circumstances exist, which would allow this Court to exercise jurisdiction on Gindi's new claims brought in connection with her ongoing state court action. Accordingly, this Court may not exercise jurisdiction over Gindi's federal claims because doing so would intrude into ongoing state civil proceedings. *Sprint Commc'ns, Inc.*, 134 S.Ct. at 591 (citing *New Orleans Pub. Serv., Inc. ("NOPSI") v. Council of City of New Orleans*, 491 U.S. 350, 368 (1989)). Therefore, to the extent that Gindi seeks injunctive relief, her claims are barred by *Younger*. *See Morpurgo v. Inc. Vill. of Sag Harbor*, 327 F. App'x 284, 285–86 (2d Cir. 2009)

4

(holding that *Younger* applies to claims for injunctive and declaratory relief, not to damages claims).

### b. Judicial Immunity

Gindi alleges that Judge Bernadette Bayne raised her voice, reprimanded, and humiliated Gindi in connection with her state court proceeding. (Second Am. Compl. Timeline (Doc. No. 7-1) at 1.) Gindi's claims against Judge Bayne must be dismissed because judges have absolute immunity for judicial acts performed in their judicial capacities. *Mireles v. Waco*, 502 U.S. 9, 11 (1991); *Stump v. Sparkman*, 435 U.S. 349, 356 (1978); *Dupree v. Bivona*, No. 07-CV-4599, 2009 WL 82717, at *1–2 (2d Cir. Jan. 14, 2009) (summary order). This absolute "judicial immunity is not overcome by allegations of bad faith or malice," nor can a judge "be deprived of immunity because the action he took was in error . . . or was in excess of his authority." *Mireles*, 502 U.S. at 11 (internal quotation marks omitted); *Horton v. City of New York*, No. 14-CV-4279-KAM, 2014 WL 3644711, at *1 (E.D.N.Y. July 22, 2014); *Edo v. Queens Cnty. Criminal Court*, No. 13-CV-7089-JBW, 2013 WL 6732811, at *1 (E.D.N.Y. Dec. 19, 2013); *Gamez v. U.S. Dist. Ct. E. and S. Dist. of - Tyranny*, No. 11-CV-4068-KAM, 2011 WL 3949807, at *1 (E.D.N.Y. Sept. 6, 2011). Further, to the extent that Gindi seeks monetary damages against Judge Bayne in her official capacity, her claim is barred by the Eleventh Amendment. *N.Y. State Court Clerks Ass'n v. Unified Court System of the State of N.Y.*, 25 F. Supp. 3d 459, 467 (S.D.N.Y. 2014) ("The Eleventh Amendment stands as a jurisdictional bar to suits in federal court against a state and its officers in their official capacities.").

Finally, to the extent that Gindi seeks injunctive relief against Judge Bayne, the Federal Courts Improvement Act of 1996, § 309(c), Pub. L. No. 104-317, 110 Stat. 3847, 3853 (1996) (amending 42 U.S.C. § 1983) bars all claims for injunctive relief against a judicial officer for a

judicial action or omission "unless a declaratory decree was violated or declaratory relief was unavailable." *Rodriguez v. Trager*, No. 10-CV-0781-ARR, 2010 WL 889545, at *2 (E.D.N.Y. Mar. 8, 2010). Accordingly, all claims against Judge Bayne are dismissed. *See* 28 U.S.C. § 1915(e)(2)(B).

## II. Employment Discrimination Claims

Although Gindi's second amended complaint is not without significant deficiencies, the Court notes that in *Littlejohn v. City of New York*, 795 F.3d 297, 310 (2d Cir. 2015), the Second Circuit emphasized that, under *Iqbal*, the plausibility requirement should not be elevated to a "probability requirement." *Id.* (quoting *Iqbal*, 556 U.S. at 678). While allegations must support "more than a sheer possibility that a defendant has acted unlawfully," they need not be sufficient to make it likely that the plaintiff would prevail on the merits if she proved those allegations to be true. *Iqbal*, 556 U.S. at 678; *see also Dawson v. N.Y.C. Transit Auth.*, 624 F. App'x 763, 767 n.1 (2d Cir. 2015).

Nevertheless, Gindi's claims against all individual defendants must be dismissed. As the Court previously informed Gindi, Title VII, the ADA, and the ADEA do not permit the imposition of individual liability. *See Rasperdo v. Carlone*, 770 F.3d 97, 113 (2d Cir. 2014) (stating that Title VII does not create liability in individual supervisors and co-workers who are not the plaintiffs' actual employers); *Guerra v. Jones*, 421 F. App'x 15, 17 (2d Cir. 2011) (stating that the ADEA does not create liability in individual supervisors and co-workers); *Castro v. City of New York*, 24 F. Supp. 3d 250, 259 (E.D.N.Y. 2014) (stating that the ADA does not create liability in individual supervisors and co-workers). Accordingly, Gindi's claims against all individual defendants must be dismissed.

Further, to the extent that Gindi seeks to name the City of New York as a defendant, her claim are dismissed. *See Dimitracopoulos v. City of New York*, 26 F. Supp. 3d 200, 210 (E.D.N.Y. 2014) (finding that the City and the DOE are separate legal entities and that the City cannot be held liable for the alleged torts of DOE employees). Likewise, to the extent that Gindi intends to name "New York State Human Rights Violation" as a defendant, her claim is dismissed because there is no such organization. 28 U.S.C. § 1915(e)(2)(B).

In light of Gindi's *pro se* status and the guidance provided by *Littlejohn*, the Court will allow Gindi's Title VII, ADA, and ADEA claims to proceed solely against the DOE, the only proper defendant in this employment discrimination action. *See Davis v. NYC Dept. of Educ.*, No. 10-CV-3812-KAM, 2012 WL 139255, at *4 (E.D.N.Y. Jan. 18, 2012) (stating that the DOE is an employer subject to discrimination claims).

## CONCLUSION

Accordingly, it is hereby:

ORDERED that Gindi's claims, including the newly added claims relating to the state court action, against all defendants with the exception of the New York City Department of Education are dismissed. *See* 28 U.S.C. § 1915(e)(2)(B). No summons shall issue as to these defendants, and it is further;

ORDERED that the Clerk of Court is directed to terminate all parties, with the exception of the New York City Department of Education, from this action, and it is further;

ORDERED that the Clerk of Court is hereby directed to serve the summons, complaint, first amended complaint, second amended complaint, the Court's Orders dated February 1, 2016, and April 13, 2016, and the instant Order upon defendant the New York City Department of Education.

7

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

The Clerk or Court is directed to mail a copy of this Memorandum and Order to the plaintiff *pro se* and note the mailing on the docket.

SO ORDERED.

Dated: Brooklyn, New York
June 17, 2016

s/Roslynn R. Mauskopf
_____
ROSLYNN R. MAUSKOPF
United States District Judge