```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
```
LISA GINDI,

       Plaintiff,

  - against -

NEW YORK CITY DEPARTMENT OF
EDUCATION,

       Defendant.
```
------------------------------------------------------------X
```

**MEMORANDUM AND ORDER**
15-CV-6475 (RRM) (RER)

ROSLYNN R. MAUSKOPF, United States District Judge.

    Plaintiff *pro se* Lisa Gindi commenced this action on November 4, 2015, alleging violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* ("Title VII"), the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq.* ("ADEA"), and the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.* ("ADA"). Currently pending is Gindi's motion for reconsideration of the Court's June 20, 2016 Order dismissing her second amended complaint. (Mot. Recons. (Doc. No. 13).) In addition, Gindi has filed a request for a pre-motion conference, along with a proposed order to show cause for summary judgment. (Doc. Nos. 15–18.) For the reasons discussed below, Gindi's motion for reconsideration is denied. Gindi's request for a pre-motion conference, along with her request for permission to file a motion for summary judgment, is denied without prejudice to renew the applications at a later stage of the action.

## BACKGROUND

    On November 4, 2015, Gindi filed her initial complaint. (Compl. (Doc. No. 1).) By Order dated February 1, 2016, the Court granted Gindi's request to proceed *in forma pauperis,* pursuant to 28 U.S.C. § 1915, and granted her leave to file an amended complaint. (2/1/16 Order

(Doc. No. 4).) On February 12, 2016, Gindi submitted an amended complaint which was reviewed for sufficiency under 28 U.S.C. § 1915(e)(2)(B). (Am. Compl. (Doc. No. 5).) By Order dated April 13, 2016, the Court granted Gindi leave to submit a second amended complaint and provided specific guidance regarding the filing of the complaint. (4/13/16 Order (Doc. No. 6).) On April 29, 2016, Gindi filed her second amended complaint. (Second Am. Compl. (Doc. No. 7).)

By Order dated June 20, 2016, the Court dismissed Gindi's second amended complaint in part, leaving only her employment discrimination claims against the New York City Department of Education ("DOE"). (6/20/16 Order (Doc. No. 12).) On July 13, 2016, Gindi filed a motion for reconsideration of the Court's June 20, 2016 Order. (Mot. Recons.) On July 14, 2016, the Clerk of Court issued a summons to the DOE.[1] (Summons (Doc. No. 14).) Thereafter, on October 26, 2016, Gindi filed a request for a pre-motion conference, (Req. Conference (Doc. No. 15)), and on November 14, 2016, Gindi filed a proposed order to show cause for summary judgment, (Doc. Nos. 16–18.)[2]

## DISCUSSION

The decision to grant or deny a motion for reconsideration "is within the sound discretion of the district court . . . and is an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources."[3] *Mangino v. Inc. Vill. of Patchogue,*

---

[1] Due to clerical error, the summons was issued for the United States Department of Education rather than the New York City Department of Education. On November 23, 2016, the Clerk of Court issued an amended summons for the New York City Department of Education. (Am. Summons (Doc. No. 19).)

[2] Because the factual history of this case was discussed at length in the Court's Orders dated February 1, 2016, April 13, 2016, and June 17, 2016, the Court recounts the history of this case only as is necessary to dispose of the pending motion for reconsideration. (*See* Doc. Nos. 4, 6, 12.)

[3] Motions for reconsideration may be brought pursuant to Federal Rules of Civil Procedure ("Rule" or "Rules") 59(e) and 60(b) and E.D.N.Y. Local Civil Rule ("Local Rule") 6.3 for the United States District Courts for the Southern and Eastern Districts of New York. *Shearard v. Geithner,* No. 09-CV-0063 (JS), 2010 WL 2243414, at *1

814 F. Supp. 2d 242, 247 (E.D.N.Y. 2011) (internal citations and quotation marks omitted); *see also Stevens v. Miller*, 676 F.3d 62, 67 (2d Cir. 2012) (internal quotation marks omitted); *Ruotolo v. City of New York*, 514 F.3d 184, 191 (2d Cir. 2008). Under Rule 59(e) and Local Rule 6.3, "[t]he major grounds justifying reconsideration are an intervening change in controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Webb v. City of New York*, No. 08-CV-5145 (CBA), 2011 WL 5825690, at *1 (E.D.N.Y. Nov. 17, 2011) (internal quotation marks and citation omitted); *see also Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). Similarly, Rule 60(b) provides relief from an order for, inter alia, mistakes, inadvertence, excusable neglect, newly discovered evidence, and fraud. Fed. R. Civ. P. 60(b). Reconsideration under Rule 60(b) "allows extraordinary judicial relief" and it should be "invoked only upon a showing of exceptional circumstances." *Nemaizer v. Baker*, 793 F.2d 58 (2d Cir. 1986). Furthermore, "[a] moving party may not merely reiterate or repackage an argument previously rejected by the court." *In re N.Y. Cmty. Bancorp, Inc. Sec. Litig.*, 244 F.R.D. 156, 160 (E.D.N.Y. 2007). In other words, a motion for reconsideration "is not an opportunity for a second bite at the apple," *id.*, and courts should deny a motion for reconsideration "where the moving party seeks solely to relitigate an issue already decided," *Shrader*, 70 F.3d at 257.

Having reviewed Gindi's submission, the Court finds that it fails to satisfy the demanding standard for reconsideration under Rule 59(e), Rule 60(b), and Local Rule 6.3. Although Gindi's motion is far from a model of clarity, it appears that she is challenging the Court's decision dismissing Gindi's claims against the individual defendants, which included a state court judge and individuals employed by the DOE. Gindi's motion fails to allege any controlling legal

---

(E.D.N.Y. May 30, 2010). Gindi fails to assert under which Rule she seeks reconsideration. In any case, as discussed below, Gindi's motion for reconsideration fails to allege facts or legal arguments that meet the standards for relief under either Rule.

arguments or facts that this Court overlooked or that would otherwise lead the Court to alter its decision. *See Schrader*, 70 F.3d at 257. Instead, Gindi's motion merely reiterates facts and arguments that this Court previously rejected. As Gindi's motion for reconsideration does not contain any meaningful or substantive reason to reopen the case against the defendants dismissed from this action, the motion is denied.

## CONCLUSION

Gindi's motion for reconsideration (Doc. No. 13) is denied. Gindi's request for a conference and her request for permission to file a motion for summary judgment is denied without prejudice to renew the applications at a later stage of the action.[4]

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore, *in forma pauperis* status is denied for purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

The Clerk of Court is respectfully directed to mail a copy of this Memorandum and Order to plaintiff Lisa Gindi, *pro se*, and note the mailing on the docket.

This action is recommitted to the assigned Magistrate Judge for all pre-trial proceedings, including addressing any issues with service of the remaining defendants, as well as plaintiff's request for default judgment (Doc. No. 21).

SO ORDERED.

Dated: Brooklyn, New York  
      January 4, 2016

*Roslynn R. Mauskopf*  
————————————————  
ROSLYNN R. MAUSKOPF  
United States District Judge

---

[4] Under Rule 56, "a party may file a motion for summary judgment at any time until 30 days after the close of all discovery." Fed. R. Civ. P. 56. Because the parties have yet to begin discovery in this case, Gindi's request for permission to file a motion for summary judgment is premature.