```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
LISA GINDI,

                        Plaintiff,
                                                              MEMORANDUM AND ORDER
         - against -                                          15-CV-6475 (RRM) (RER)

THOMAS BENNETT, et al.,

                        Defendant.
------------------------------------------------------------------X
```
ROSLYNN R. MAUSKOPF, United States District Judge.

Plaintiff Lisa Gindi, *pro se*, filed the instant complaint alleging violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* ("Title VII"), the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq.* ("ADEA"), and the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.* ("ADA"). By Order dated February 1, 2016, the Court granted Gindi's request to proceed *in forma pauperis*, pursuant to 28 U.S.C. § 1915, and granted leave to file an amended complaint. (Doc. No. 4.) On February 12, 2016, Gindi submitted an amended complaint which was reviewed for sufficiency under 28 U.S.C. § 1915(e)(2)(B). (Doc. No. 5.) By Order dated April 13, 2016, the Court granted Gindi leave to submit a second amended complaint and provided specific guidance regarding the filing of that amendment. (Doc. No. 6.)

On April 29, 2016, Gindi filed her second amended complaint. (Doc. No. 7.) By Order dated June 20, 2016, the Court dismissed all of Gindi's claims except for those brought against the New York Department of Education ("DOE"). (Doc. No. 12.)

Subsequently, the DOE filed a motion to dismiss asserting that Gindi's claims are time barred, and in any event, are not sufficient, pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6), and a motion to strike a photograph filed by Gindi. (Doc. No. 44.) For the reasons below, the DOE's motion to dismiss is granted. The Court does not reach the motion to strike.

**BACKGROUND**

The Court presumes familiarity with the underlying facts of this case, as set forth in this Court's previous decisions. In brief, Gindi's second amended complaint alleges that she was employed as a teacher for many years and that her employment was terminated because she is a woman and suffers from a mental disability. Her previous complaints also contained allegations that she was discriminated against because she is older, white, and Jewish.

**STANDARD OF REVIEW**

To survive a Rule 12(b)(6) motion, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A complaint need not contain "detailed factual allegations," but it must contain "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). The plaintiff's complaint must include "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). The determination of whether "a complaint states a plausible claim for relief will…be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679 (citing *Iqbal v. Hasty*, 490 F.3d 143, 157–58 (2d Cir. 2007)).

It is axiomatic that a "document filed *pro se* is to be liberally construed and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Boykin v. KeyCorp*, 521 F.3d 202, 214 (2d Cir. 2008) (internal

quotation marks omitted). The Court must construe a *pro se* complaint with "special solicitude," and interpret it to raise the strongest arguments it suggests. *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474–75 (2d Cir. 2006) (quoting *Ruotolo v. I.R.S.*, 28 F.3d 6, 8 (2d Cir. 1994)). Even so, "a *pro se* complaint must state a plausible claim for relief." *Hogan v. Fischer*, 738 F.3d 509, 515 (2d Cir. 2013). Moreover, a *pro se* party is "not exempt…from compliance with relevant rules of procedural and substantive law." *Triestman*, 470 F.3d at 477 (internal quotations omitted).

## DISCUSSION

### I. Gindi's Title VII, ADEA and ADA Claims are Time-Barred

Generally, a claimant may bring suit in federal court under the ADEA, Title VII, and the ADA only after filing a timely complaint with the EEOC. *Floyd v. Lord & Taylor*, 96 F. App'x 792, 793 (2d Cir. 2004) (upholding dismissal of a complaint where plaintiff failed to submit any documentation showing that she had filed a complaint with the EEOC, a "prerequisite to bringing suit in federal court under Title VII, the ADEA, and the ADA"). To be deemed timely, the administrative claim must be filed with the EEOC or the state agency within 300 days of the alleged discriminatory conduct. 42 U.S.C. § 2000e-5(e); 29 U.S.C. § 626(d)(l); *Kassner v. 2d Ave. Delicatessen Inc.*, 496 F.3d 229, 237 (2d Cir. 2007). This is true even of *pro se* litigants. *Tanvir v. New York City Health & Hosps. Corp.*, 480 F. App'x 620, 621 (2d Cir. 2012).

Nevertheless, because the administrative exhaustion requirement is not jurisdictional, "it is subject to equitable defenses." *Fowlkes v. Ironworkers Local 40*, 790 F.3d 378, 384 (2d Cir. 2015). These doctrines should be applied "sparingly," however. *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 113 (2002). The continuing violation doctrine allows courts to hear claims otherwise time barred when the plaintiff has experienced a "continuous practice and

policy of discrimination." *Fitzgerald v. Henderson*, 251 F.3d 345, 359 (2d Cir. 2001); *see also Lambert v. Genesee Hospital*, 10 F.3d 46, 53 (2d Cir. 1993) ("Under the continuing violation exception to the Title VII limitations period, if a Title VII plaintiff files an EEOC charge that is timely as to any incident of discrimination in furtherance of an ongoing policy of discrimination, all claims of acts of discrimination under that policy will be timely even if they would be untimely standing alone."). However, "discrete discriminatory acts" – including "termination, failure to promote, denial of transfer, or refusal to hire" – "are not actionable if time barred, even when they are related to acts alleged in timely filed charges." *Nat'l R.R. Passenger Corp.*, 536 U.S. at 113–14.

Gindi filed a charge of discrimination with the EEOC on December 2, 2015. (Def's Ex. D (Doc. No. 45-4).) Therefore, any claims based on acts discrimination that occurred prior to February 5, 2015, 300 days earlier, are barred. Here, all of Gindi's claims of discrimination by the DOE occurred before February 5, 2015.

Gindi argues that the discrimination she suffered "was continual and ongoing," which the Court interprets as an argument that there was a continuing violation, and therefore, her complaint was timely. (Response in Opposition. (Doc No. 46) at 12.) However, the "continuing violation" doctrine applies only to cases where there are specific discriminatory "policies or mechanisms" being employed by the defendant. *Valtchev v. City of New York*, 400 F. App'x 586, 588 (2d Cir. 2010). Multiple similar incidents of discrimination, without a policy or mechanism, do not amount to a continuing violation. *Id.*

Gindi makes no factual allegations that could be interpreted as alleging a policy or mechanism constituting a continuing violation. Instead, Gindi appears to argue that her discrimination was "ongoing and continuous" because of a single event that occurred after

February 5, 2015. Specifically, she alleges that on March 23, 2016, New York City assistant counsel John P. Guyette aggressively shook her hand, hurting her. (Brief (Doc. No. 51) at 4.) This allegation in no way relates to a course of discriminatory conduct, nor does Gindi allege that it was motivated by discriminatory intent. Therefore, it does not save the untimeliness of her claims against the DOE.

## II. Sufficiency of the Pleading

In addition to being time-barred, Gindi's second amended complaint also fails to plead sufficient facts to state a cause of action for employment discrimination under Title VII, the ADEA, or the ADA.

### a. Plaintiff's Title VII Claims

Title VII prohibits an employer from discriminating against any individual with respect to "compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex or national origin." 42 U.S.C. § 2000e-2(a)(l). To establish a prima facie case of discrimination, a plaintiff must show that: (1) she is a member of a protected class, (2) she was qualified for the position she held, and (3) she suffered an adverse employment action (4) under circumstances giving rise to an inference of discrimination. *Brown v. City of Syracuse*, 673 F.3d 141, 150 (2d Cir. 2012); *Sethi v. Narod*, 12 F. Supp. 3d 505, 522 (E.D.N.Y. 2014). The plaintiff must plausibly allege facts that establish that the adverse employment action was taken because of her membership in a protected class. *Vega v. Hempstead Union Free Sch. Dist.*, 801 F.3d 72, 87 (2d Cir. 2015). However, "the evidence necessary to satisfy the initial burden of establishing that an adverse employment action occurred under circumstances giving rise to an inference of discrimination is minimal." *Littlejohn v. City of New York*, 795 F.3d 297, 313 (2d Cir. 2015).

Although Gindi explains that she is a white, Jewish woman, and that she was fired, she fails to allege circumstances that could give rise to an inference of discrimination. Gindi does allege numerous acts of what she perceived to be discrimination against her, however, the link between her membership in a protected class and the alleged discrimination is entirely conclusory. Her complaint fails to set forth sufficient facts – indeed, she fails to allege any facts – from which the Court could infer that any adverse employment action was taken because of her protected status. *See Vega*, 801 F.3d at 87; *Littlejohn*, 795 F.3d at 313.

### b. Plaintiff's ADEA Claims

The ADEA establishes that it is "unlawful for an employer...to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions or privileges or employment, because of such individual's age." 29 U.S.C. § 623(a)(l). In order to establish a prima facie case of age discrimination in violation of the ADEA, plaintiff must show that: (1) she was within the protected age group (more than 40 years old); (2) she was qualified for her position; (3) she experienced adverse employment action; and (4) such action occurred under circumstances giving rise to an inference of discrimination. *Gorzynski v. Jet Blue Airways Corp.*, 596 F.3d 93, 107 (2d Cir. 2010) (citing *Carlton v. Mystic Transp. Inc.*, 202 F.3d 129, 134 (2d Cir. 2000)).

In support of her ADEA age discrimination claim, Gindi alleges that she is a member of a protected age group, but does not plead any facts to support an inference that the DOE discriminated against her because of her age. At a minimum, an ADEA claimant must inform the Court and the defendant why she believes age discrimination existed. *See Dugan v. Martin Marietta Aerospace*, 760 F.2d 397, 399 (2d Cir. 1985) ("While a claim made under the ADEA

6

need not contain every supporting detail, it must at least inform the court and the defendant generally of the reasons the plaintiff believes age discrimination has been practiced."); *Gallop-Laverpool v. 1199 SEIU United Healthcare Workers E.*, No. 14-CV-2879 (JG), 2014 WL 3897588, at *2 (E.D.N.Y. Aug. 8, 2014).

Although Gindi's original complaint at least asserted that she is more than 40 years of age, which is insufficient on its own to state a claim under the ADEA, her second amended complaint fails to allege even that. With no additional facts suggesting that she suffered an adverse employment action because of her age, Gindi has failed to state claim under the ADEA.

### c. Plaintiff's ADA Claims

To establish a prima facie case of discrimination under the ADA, a plaintiff must show that "(1) the defendant is covered by the ADA; (2) plaintiff suffers from or is regarded as suffering from a disability within the meaning of the ADA; (3) plaintiff was qualified to perform the essential functions of the job, with or without reasonable accommodation; and (4) plaintiff suffered an adverse employment action because of [her] disability or perceived disability." *Capobianco v. City of New York*, 422 F.3d 47, 56 (2d Cir. 2005); *Ugactz v. United Parcel Serv.*, Inc., No. 10-CV-1247 (MKB), 2013 WL 1232355, at *7 (E.D.N.Y. Mar. 26, 2013).

Here, Gindi asserts that the nature of her disability is "PTSD, anxiety, panic, fear and nervous mood," as well as what she believes is a mistaken diagnosis of bi-polar disorder. (Sec. Amend. Comp. at 5, 9). Although the plaintiff is not required to establish discrimination at the pleading stage, she must plausibly allege a claim upon which relief can be granted. *Vega v. Hempstead Union Free Sch. Dist.*, 801 F.3d 72, 86-87 (2d Cir. 2015). Even under the most liberal construction, the complaint provides no facts that could possibly connect any adverse employment action to a protected status. Gindi does not allege that she was terminated because

7

of any of these disabilities, but appears to list them as harms she suffered at the hands of the defendant. Thus, Gindi has failed to state a claim under the ADA. *See Ruston v. Town Bd. of Skaneateles*, 610 F.3d 55, 59 (2d Cir. 2010) ("Under Iqbal, factual allegations must be sufficient to support necessary legal conclusions," and must "plausibly suggest an entitlement to relief.").

**III.     Motion to Strike**

Under Rule 12(f), a court may strike from a pleading "any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12. Whether to grant a motion to strike is within the district court's discretion. *E.E.O.C. v. Bay Ridge Toyota, Inc.*, 327 F. Supp. 2d 167, 170 (E.D.N.Y. 2004). "To prevail on a 12(f) motion, the moving party must demonstrate that: (1) no evidence in support of the allegations would be admissible; (2) that the allegations have no bearing on the issues in the case; and (3) that to permit the allegations to stand would result in prejudice to the movant." *Brady v. Basic Research, L.L.C.*, 101 F. Supp. 3d 217, 225 (E.D.N.Y. 2015) (internal quotations omitted).

Here, the DOE moves to strike a photograph of Assistant Corporation Counsel John P. Guyette that Gindi included in two of her filings. (Doc. Nos. 36, 37.) The photographs each bear the same handwritten comment by Gindi accusing Guyette of injuring her hand during a handshake. Because Guyette was dismissed as a defendant, these allegations are immaterial. As such, the Court does not reach the DOE's motion.

**IV.     Leave to Amend**

Although typically the Court allows *pro se* plaintiffs an opportunity to amend their complaints, it need not afford that opportunity where it is clear that any attempt would be futile. *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (denying leave to amend a *pro se* complaint where amendment is futile). To date, Gindi has filed three versions of her complaint,

8

none of which has presented any facts giving rise to a valid claim.  Furthermore, even if Gindi were to file an amendment more clearly articulating the facts underlying her allegations, her claims would still be time-barred.  Therefore, granting leave to amend would be futile in this case.

## CONCLUSION

For these reasons, the defendant's motion to dismiss (Doc. No. 44) is granted.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal.  *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to enter judgment pursuant to this Order, and to close the case.  The Clerk or Court is further directed to mail a copy of this Memorandum and Order and the accompanying judgment to *pro se* plaintiff Lisa Gindi, and note the mailing on the docket.

SO ORDERED.

Dated: Brooklyn, New York
September 26, 2018

*Roslynn R. Mauskopf*

ROSLYNN R. MAUSKOPF
United States District Judge