

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 9th day of September, two thousand nineteen.

PRESENT:  JOHN M. WALKER, JR.,
          RAYMOND J. LOHIER, JR.,
          SUSAN L. CARNEY,
                *Circuit Judges*.
------------------------------------------------------------------

LISA GINDI,

        *Plaintiff-Appellant*,

    v.                                                      No. 18-3057-cv

NEW YORK CITY DEPARTMENT OF
EDUCATION,

        *Defendant-Appellee*.*
------------------------------------------------------------------

---

* The Clerk of Court is directed to amend the official caption as shown above.

MANDATE ISSUED ON 10/02/2019

| | | |
|---|---|---|
| FOR PLAINTIFF-APPELLANT: | | LISA GINDI, *pro se*, Kew Garden Hills, NY. |
| FOR DEFENDANT-APPELLEE: | | ZACHARY S. SHAPIRO (Jeremy W. Shweder, *on the brief*), of Counsel, *for* Zachary W. Carter, Corporation Counsel of the City of New York, New York, NY. |

Appeal from a judgment of the United States District Court for the Eastern District of New York (Roslynn R. Mauskopf, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court is AFFIRMED.

Lisa Gindi, proceeding pro se, appeals from a judgment of the District Court (Mauskopf, J.) dismissing her employment discrimination claims under Title VII, the Age Discrimination in Employment Act (ADEA), and the Americans with Disabilities Act (ADA). The primary issue on appeal is whether the District Court properly dismissed as untimely Gindi's claims against the New York City Department of Education (DOE).[1] We assume the parties'

---

[1] Gindi's appellate brief does not address the following issues: the District Court's dismissal of her claims against other defendants; the District Court's holding that her claims against the DOE did not constitute a continuing violation; the District Court's

2

familiarity with the underlying facts and prior record of proceedings, to which we refer only as necessary to explain our decision to affirm.

We review de novo the dismissal of a complaint pursuant to Rule 12(b)(6), accepting the factual allegations of the complaint as true. Forest Park Pictures v. Universal Television Network, Inc., 683 F.3d 424, 429 (2d Cir. 2012). A pro se complaint must be "liberally construe[d] . . . to raise the strongest arguments it suggests." Abbas v. Dixon, 480 F.3d 636, 639 (2d Cir. 2007). But pro se litigants are nonetheless required to comply with the ordinary rules of civil litigation. Caidor v. Onondaga Cty., 517 F.3d 601, 605 (2d Cir. 2008).

Plaintiffs asserting claims under Title VII, the ADEA, or the ADA must first file a complaint with the Equal Employment Opportunity Commission (EEOC) or an equivalent state agency within 300 days of the allegedly discriminatory action. See 29 U.S.C. § 626(d)(1); 42 U.S.C. § 2000e-5(e)(1); 42 U.S.C. § 12117(a). Although the filing deadline is subject to equitable tolling,

---

denial of further leave to amend her complaint; or her challenges to an arbitration decision that she appeared to raise in her second amended complaint. We therefore deem any challenges on these grounds to be abandoned. See LoSacco v. City of Middletown, 71 F.3d 88, 93 (2d Cir. 1995) ("[W]e need not manufacture claims of error for an appellant proceeding pro se . . . .").

see Zerilli-Edelglass v. N.Y.C. Transit Auth., 333 F.3d 74, 80 (2d Cir. 2003) (Title VII and ADA); Belgrave v. Pena, 254 F.3d 384, 386 (2d Cir. 2001) (per curiam) (Title VII and ADEA), the plaintiff must show that she diligently pursued her rights and that extraordinary circumstances prevented a timely filing, see Zerilli-Edelglass, 333 F.3d at 80–81.

Gindi attached to her second amended complaint an EEOC and New York State Division of Human Rights (NYSDHR) charge dated December 2, 2015. The District Court correctly concluded that Gindi's claims of discrimination against the DOE arising out of conduct that occurred before February 5, 2015 (300 days before the date of her complaint) were untimely. Here, Gindi alleged that the DOE's discriminatory actions occurred during her employment as a teacher, which terminated in June 2013, well outside the 300-day period. See Flaherty v. Metromail Corp., 235 F.3d 133, 137 (2d Cir. 2000) ("[T]he time for filing a claim with the EEOC [based on discharge] starts running on the date when the employee receives a definite notice of termination . . . ." (quotation marks omitted)).

Urging a contrary conclusion, Gindi argues for the first time on appeal that she attempted to communicate with the EEOC as early as 2009, but that she was prevented from filing a charge for approximately six months. In support, Gindi provides us with a letter she submitted to the EEOC dated September 16, 2015, which was not part of the district court record. Arguments presented for the first time on appeal are generally forfeited, even in cases involving pro se litigants. See Zerilli-Edelglass, 333 F.3d at 80. But even if Gindi had properly preserved the argument, we would still agree with the District Court's conclusion that her complaint was untimely because treating the September 2015 letter as an EEOC complaint would extend the 300-day period only to November 2014, well after June 2013. In addition, Gindi's attempts to contact the EEOC fall short of the extraordinary circumstances necessary to warrant tolling of the time within which to file an actual EEOC complaint.[2]

Gindi also argues that the District Court denied her a fair hearing. We disagree. The District Court denied Gindi's motion for a pre-motion conference

---

[2] To be clear, the timeliness issue concerns only the delay between the allegedly discriminatory acts by DOE and Gindi's filing of a formal complaint with the EEOC or a state agency like NYSDHR.

as unnecessary, and Gindi has not explained why a conference was required.

Relying on the Federal Rules of Civil Procedure, moreover, Gindi argues that the District Court violated Rule 60 by failing to decide the DOE's motion to dismiss within one year. This argument rests on a misunderstanding of Rule 60, which limits the time litigants have to seek relief from a prior judgment, not the time a district court has to decide a motion to dismiss. See Fed. R. Civ. P. 60(c)(1).

Finally, we reject Gindi's claim of judicial bias, which rests solely on the District Court's adverse decisions. See Chen v. Chen Qualified Settlement Fund, 552 F.3d 218, 227 (2d Cir. 2009) (stating that adverse rulings, without more, do not provide a basis for a bias claim).

We have considered Gindi's remaining arguments and conclude that they are without merit. For the foregoing reasons, the judgment of the District Court is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court



A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit